IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT LEE DAVIS, JR.                                           PETITIONER
ADC #133321

V.                         5:15-cv-00035-JTK

WENDY KELLEY, Director,                                         RESPONDENT
Arkansas Department of Correction

MEMORANDUM AND ORDER

Petitioner Robert Davis, an inmate at the Arkansas Department of Correction ("ADC"), filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after a Pulaski County, Arkansas, jury found him guilty of capital murder and aggravated robbery. (Doc. No. 1.) For the following reasons, Mr. Davis's petition is denied.

I.      APPLICABLE FACTS

On February 2, 2008, Mr. Davis's sister, Latasha Smith, told Little Rock Police Department Detective Tommy Hudson that Mr. Davis "killed somebody." *Davis v. State*, No. CR 10-1143, 2011 Ark. 373, at *1 (Sept. 22, 2011). She told Detective Hudson that Mr. Davis shot "that man that got killed on Meadowcliff." *Id.* at *2. The State then charged Mr. Davis with capital murder and aggravated robbery of Larry Taylor. *Id.*

At trial, the State called Ms. Smith as a witness. *Id.* She testified that she remembered talking with Detective Hudson, but did not remember the subject matter of that conversation. *Id.* She also stated that she did not lie to the police, and her statement

to Detective Hudson was truthful. *Id.* The State allowed Ms. Smith to review the transcript of her statement, but she continued to testify that she did not remember the subject matter of that conversation. *Id.* Mr. Davis then asked the court to deem Ms. Smith "unavailable as a witness due to her lack of memory." *Id.* The court denied Mr. Davis's motion. *Id.*

Mr. Davis elected to conduct voir dire of Ms. Smith in front of the jury. *Id.* During voir dire, Ms. Smith testified that she is receiving disability insurance benefits due to her lack of memory. *Id.* She testified, "I black out, I forget stuff, I remember stuff and I just–like right now, I'm getting very agitated because I don't remember and she's pressuring me to remember." *Id.* at *3. She then confirmed that she is receiving her disability insurance benefits due to her mental health problems. *Id.*

After voir dire, the State concluded its direct examination of Ms. Smith. *Id.* Mr. Davis's counsel elected not to cross-examine Ms. Smith. *Id.* The State then called Detective Hudson, who testified that the transcript of his conversation with Ms. Smith was an accurate reflection of Ms. Smith's statement. *Id.* Over Mr. Davis's objections, Ms. Smith's statement was then admitted into evidence for the jury to hear. *Id.* At the conclusion of the trial, the jury found Mr. Davis guilty of capital murder and aggravated robbery. *Id.*

II.   PROCEDURAL HISTORY

On April 27, 2010, the Pulaski County Circuit Court filed the judgment and commitment order in Mr. Davis's case. (Doc. No. 6-2 at 1.) It sentenced Mr. Davis to

serve the remainder of his life without the possibility of parole in the ADC for the capital murder, and an additional life sentence without the possibility of parole for the aggravated robbery. (*Id.* at 1-2.)

Mr. Davis filed a timely appeal from his conviction to the Arkansas Supreme Court. (Doc. No. 6-3 at 1.) In his appeal, he argued that admitting the recording of Ms. Smith's statement violated the confrontation clause of the Sixth Amendment of the United States Constitution. (*Id.* at 4.) On September 22, 2011, the court denied Mr. Davis's appeal. *Davis*, 2011 Ark. 373, at *1. The court held that the tape was testimonial in nature. *Id.* at *5. However, since Ms. Smith was available for cross-examination, admitting the testimonial hearsay did not violate the confrontation clause. *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 53 (2004)).

On December 12, 2011, Mr. Davis filed a *pro se* petition for post-conviction relief, pursuant to Arkansas Rule of Criminal Procedure 37.1 ("Rule 37"). (Doc. No. 6-4 at 1.) In his petition, Mr. Davis alleged that he was denied the effective assistance of trial counsel on four grounds: (1) failing to cross-examine Ms. Smith to bring out her bias or bad memory, (2) failing to seek to have Michael Scales found criminally liable as an accomplice to these crimes, (3) failing to give Mr. Davis discovery information or other documents related to his case, and (4) failing to appeal every adverse ruling on objections made at trial. (*Id.* at 5-7.) The State did not respond to his petition. (Doc. No. 6 at 2.)

On May 17, 2013, the circuit court denied Mr. Davis's petition. (Doc. No. 6-5 at

3.) It held that the trial counsel's failure to cross-examine Ms. Smith did not prejudice Mr. Davis because the jury heard about her bad memory during voir dire. (*Id.* at 2.) It held that the trial counsel's failure to have Mr. Scales found as an accomplice did not prejudice Mr. Davis because only a prosecutor can choose who to file charges against. (*Id.*). On the third claim, the court held that the trial counsel's failure to turn over documents to Mr. Davis did not prejudice him because "there is no indication that the petitioner was unaware of the facts underlying the charge in his case." (*Id.*). Lastly, the court held that the trial counsel's failure to appeal every adverse ruling on objections made at trial did not prejudice Mr. Davis because he did not establish which issues in particular his counsel should have raised on appeal. (*Id.*).

Mr. Davis timely appealed the court's denial of his Rule 37 petition to the Arkansas Supreme Court. (Doc. No. 6 at 2.) When Mr. Davis filed a motion for extension of time to file a brief, the court denied Mr. Davis's motion and dismissed the appeal, finding that he could not prevail on the merits. *Davis v. State*, No. CR-13-802, 2013 Ark. 17, at *4 (Jan. 16, 2014). The court held that, under the standard for evaluating an ineffective assistance of counsel claim set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), Mr. Davis did not prove ineffective assistance of counsel on any of his claims. *Id.* The court agreed with the Rule 37 court's reasoning in disposing of all four claims. *Id.* at *2-*4.

On January 30, 2015, Mr. Davis filed a petition for a writ of habeas corpus. (Doc. No. 1.) On March 3, 2015, the Director of the ADC ("Director") filed a response to the

4

petition, asking the Court to deny it. (Doc. No. 6.) On March 20, 2015, the district court reassigned the case to the Court based on the parties' consent. (Doc. No. 12.) On April 6, 2014, Mr. Davis filed a reply brief. (Doc. No. 13.)

III.   STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id*. at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in his claims being barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

IV.   ANALYSIS

Mr. Davis claims that his trial counsel was ineffective for: (1) failing to cross-examine Ms. Smith to bring out her bias or bad memory; (2) failing to name Mr. Scales as an accomplice as an affirmative defense; and (3) failing to provide Mr. Davis discovery information and other documents relating to his case. (Doc. No. 1 at 4-8.)

To prevail on an ineffective assistance of counsel claim, a petitioner must show that "his counsel's deficient performance prejudiced him." *Porter v. McCollum*, 558 U.S. 30, 38 (2009); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must prove his counsel was deficient by showing that "his counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The petitioner must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

   A.   CROSS EXAMINATION OF MS. SMITH

Mr. Davis claims that his trial counsel was ineffective for failing to cross-examine Ms. Smith. (Doc. No. 1 at 5.) He claims that this failure prejudiced him because "the

jury was not given the opportunity to assess her demeanor and discern whether any credibility should be given to her testimony or prior statements . . . ." (*Id.*). He further contends that if counsel "challenged her ability to recall the conversation she had with Petitioner and her statements to police, this would have caused the ability to bring doubt into the minds of the jury and the outcome of the trial could and/or would have been different." (*Id.*). To support his claims, he attached the transcript of Ms. Smith's interview with Detective Hudson, naming Mr. Davis as the shooter. (*Id.* (citing Doc. No. 1 at 10-13)).

Here, the Arkansas Supreme Court reasonably applied the *Strickland* standard to Mr. Davis's claim. The court found that "counsel was permitted to voir dire Latasha Smith, ask detailed questions concerning her inability to remember the statement she gave, and bring out that her mental problems had resulted in her being on disability." *Davis*, 2014 Ark. 17, at *5. Mr. Davis did not state what further questions his counsel could have asked Ms. Smith on cross examination. *Id.* Although the court did not determine whether counsel was deficient for deciding not to cross-examine Ms. Smith, it ruled that any deficiency did not prejudice Mr. Davis. *Id.* This decision is not an unreasonable application of federal law, as determined by the Supreme Court of the United States, and the court did not unreasonably apply the facts to the *Strickland* standard. Therefore, this claim is denied.

    B.    MR. SCALES

Mr. Davis alleges that his counsel was ineffective for failing to assert the

affirmative defense that Mr. Scales was an accomplice. (Doc. No. 1 at 5.) Specifically, he alleges that the State initially charged Mr. Scales as an accomplice. (*Id.*). During the two years that charges were pending during Mr. Scales, Mr. Davis alleges that Mr. Scales admitted to "turning his vehicle around to take Petitioner to 'Hit a Lick,'" providing the weapon to carry out the crime, and conceal the weapon after the murder. (*Id.*). Mr. Davis also alleges that Mr. Scales obstructed justice while his charges were pending. (*Id.* at 6.) He contends that if his counsel sought to have held Michael Scales criminally liable rather than just asking for the accomplice testimony jury instruction, the jury would have reached a different verdict. (*Id.*). In support of his allegations, Mr. Davis attached a police report from Detective Hudson that named Mr. Scales as an actor in the murder. (Doc. No. 1 at 14-19.)

The Arkansas Supreme Court reasonably applied the *Strickland* standard to Mr. Davis's claim. The court explained that Mr. Davis's counsel could not have brought charges against Mr. Scales because it is "the prosecutor, with the concurrent authority of the grand jury, who has the authority to bring charges." *Davis*, 2014 Ark. 17, at *6 (citing *State v. Brooks*, 202 S.W.3d 508 (2005)). Therefore, counsel was not deficient. *See id.* Additionally, if counsel was deficient, the deficiency did not prejudice Mr. Davis because "the law in Arkansas makes no distinction between the criminal liability of a principal and an accomplice." *Id.* (citing Ark. Code Ann. § 5-2-402(2) (Repl. 2006)). This decision is not an unreasonable application of federal law, as determined by the Supreme Court of the United States, and the court did not unreasonably apply the facts

8

to the *Strickland* standard. Therefore, this claim is denied.

      C.      DISCOVERY INFORMATION

Mr. Davis claims that his counsel was ineffective by denying him due process of law. (Doc. No. 1 at 8.) Specifically, he contends that "despite many attempts by petitioner to receive 'Discovery Information,' Police Reports, statements, and the like, [his counsel] has refused to respond . . . ." (*Id.*). He further alleges that his counsel has not kept Mr. Davis notified "as his fiduciary duty and professional responsibility dictates under the law." (*Id.*). Mr. Davis alleges that counsel did not respond to his request for assistance during his appeal. (*Id.*). Finally, he alleges that his counsel did not appeal many adverse rulings on objections that were preserved for appeal. (*Id.*). He claims that if counsel granted Mr. Davis due process of law, "the outcome of the trial would and/or could have been different . . . ." (*Id.*).

The Arkansas Supreme Court reasonably applied the *Strickland* standard to Mr. Davis's claims. As to the allegations that counsel did not respond to requests for discovery documents, the court held that "appellant did not state how the defense was prejudiced by any inaction on counsel's part at trial or on appeal . . . ." *Davis*, 2014 Ark. 17, at *6. This decision is not an unreasonable application of federal law, as determined by the Supreme Court of the United States, and the court did not unreasonably apply the facts to the *Strickland* standard. *See United States v. Buck*, 661 F.3d 364, 370 (8th Cir. 2011) ("It is undisputed [the defendant's] lawyer had access to the complete discovery file and discussed with [the defendant] the charges against him and the evidence in the

9

case. [The defendant] fails to explain how his own lack of access to any specific discovery documents . . . prejudiced him in any way.") (quoting *United States v. Murphy*, 572 F.3d 563, 568 (8th Cir. 2009)).

This is the first time Mr. Davis brought in any court his allegation that counsel did not respond to his request for assistance during his appeal. Therefore, it is procedurally defaulted. Mr. Davis does not allege any cause for his procedural default, so it is denied.

Finally, on Mr. Davis's claim that counsel did not appeal adverse rulings on objections, the Arkansas Supreme Court held that he "failed to state what issues were meritorious." *Davis*, 2014 Ark. 17, at *7. Therefore, he did not meet his burden to "state facts in the petition to establish the ineffectiveness of appellate counsel for failure to raise a meritorious issue [sic]." *Id.* This decision is not an unreasonable application of federal law, as determined by the Supreme Court of the United States, and the court did not unreasonably apply the facts to the *Strickland* standard. Therefore, this claim is denied.

## V.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a district court may issue a certificate of appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on

which Mr. Davis has made a substantial showing of a denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability.

VI.     CONCLUSION

Mr. Davis does not present a claim to which he is entitled relief, and his petition for a writ of habeas corpus (Doc. No. 1) is denied with prejudice. The Court will not issue a certificate of appealability.

IT IS SO ORDERED this 19th day of August, 2015.

_____
United States Magistrate Judge